IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

KATHLEEN A. COCHRANE, )
                    Plaintiff, )
v. ) No. 06-5070-SSA-CV-SW-WAK
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
                    Defendant. )

**ORDER**

     Claimant Kathleeen Cochrane seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. She claims she became disabled beginning on July 14, 2003. The parties' briefs were fully submitted, and on March 6, 2007, an oral argument was held.

     "Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

     In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Claimant Kathleen Cochrane was born in 1951 and had vocational training after completing high school.  She is 5' 3" tall and weighs approximately 190 pounds.  She worked as a cardiac monitor technician and hospital unit clerk prior to a motor vehicle accident in 2003.  She claims disability due to degenerative disc disease, shoulder problems, obesity, depression, post-concussive syndrome and vertigo.  She has tingling and numbness in her left hand.

The Administrative Law Judge (ALJ) found, based upon the complete record, that Cochrane had "a combination of impairments including degenerative disc disease of the cervical spine; history of weakness with right shoulder rotation; obesity; pain disorder with both psychological factors and general medical condition; major depressive disorder; post-concussive

2

syndrome with mild dementia; and vertigo." (Tr. at 21.) As a result, she found Cochrane could not return to her former work, but retained the residual functional capacity to perform a wide range of light work with simple, repetitive work activity. Examples of such work were listed as production assembler or small products assembler.

Cochrane seeks judicial review of the decision and asserts the ALJ erred in not giving any weight to the opinion of her long-term treating physician who submitted a medical source statement. Dr. W. Dale Rankin, who is Board Certified in Internal Medicine, stated he had treated Cochrane since September 1991, ordered objective testing for her and referred her out for numerous consultations with experts. He indicated he found her complaints to be credible and that he had made diagnoses for her of memory loss, personality changes, C5-C6 degenerative joint disease and degenerative disc disease and radiculopathy, cerebral concussion and vertigo. He opined that she could lift ten pounds, could stand and/or walk during the workday for a total of one hour, could sit during the workday for a total of two hours, would need to lie down at least two times a day for an hour each time, and was markedly limited in a number of areas relating to understanding and memory, and sustained concentration and persistence.

The ALJ summarized the medical evidence submitted by the specialists, briefly discussed claimant's testimony at the hearing, considered the evidence of the vocational expert and ultimately found claimant retained the capacity to work. The ALJ did not discuss the records of Dr. Rankin or comment upon his medical source statement or opinion.

"It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. See Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996); Bentley v. Shalala, 52 F.3d 784, 785 (8th Cir. 1995). The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole. Bentley, 52 F.3d at 786." Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001).

The problem with this case, however, is that the ALJ appears to have looked at each complaint and specialist's opinion in isolation and she did not consider the record as a whole. The ALJ acknowledged Cochrane had a combination of impairments, but did not articulate reasons for discounting the opinion of the internal medicine physician who considered the combination of her impairments. Instead, the ALJ focused on the individual impairments

3

without consideration of the interaction of those impairments. The records of the individual specialists suggest they were treating or examining Cochrane for only the condition involved in their specialties. Thus, their treatment records were focused toward individual impairments or complaints.

Cochrane's medical records clearly show severe degenerative disc disease of the cervical spine, pain, depression, memory loss, vertigo, and obesity. She testified to limitations which the ALJ discounted. She had a steady work history for at least fifteen years prior to the motor vehicle accident, but stopped working immediately after the accident. She was unable to successfully return to work. Her long-term treating physician coordinated her care, knew her through her work at the hospital, and found her complaints to be credible. He was in the best position to evaluate her overall condition and to render an opinion regarding her overall medical condition and capabilities. For the ALJ to fail to address his opinion was error.

While the ALJ cited Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984), in recognition of the factors to be considered and noted what she considered to be determinative inconsistencies in the record, she did not really consider the record as a whole. She did not adequately explain her conclusions or show how Cochrane is capable of performing a full-time competitive job on a continuing and sustained basis. "For a claimant to qualify for work at any level, that claimant must have the ability to perform the tasks of employment on a daily basis." Hall v. Chater, 62 F.3d 220 (8th Cir. 1995).

This court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. The findings, however, are not supported by substantial evidence on the record as a whole, and the decision is reversed.

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for an award of benefits.

Dated this 12th day of March, 2007, at Jefferson City, Missouri.

/s/
WILLIAM A. KNOX
United States Magistrate Judge